```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the LOCAL 813 PENSION TRUST          :
FUND, TRUSTEES of the LOCAL 813 INSURANCE        :
TRUST FUND, and TRUSTEES of the NURSES AND       :
LOCAL 813 IBT RETIREMENT TRUST FUND,             :       No.: _____
                                                 :
                              Plaintiffs,        :
                                                 :
              - against -                        :
                                                 :
                                                 :
RIZZO ENVIRONMENTAL SERVICES CORP.;              :
XYZ CORPORATIONS 1-10; and JOHN AND JANE         :
DOES 1-10,                                       :
                                                 :
                              Defendants.        :
------------------------------------------------------------------X
```

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Pension Trust Fund (the "Pension Fund"), Local 813 Insurance Trust Fund (the "Insurance Fund"), and Nurses and Local 813 IBT Retirement Trust Fund (the "Nurses Fund") (collectively, the "Funds"), by and through their undersigned counsel, bring this action against Defendants Rizzo Environmental Services Corp. ("Rizzo Environmental"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

### I.   INTRODUCTION

1.   This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover: (i) $11,907.00 in contributions due and owing to the Funds pursuant to an audit, and (ii) $146,778.00 in withdrawal liability owed to the Pension Fund.

2. As determined by an audit of Rizzo Environmental, from February 2019 to May 2019, Rizzo Environmental failed to pay $6,876.00 in contributions to the Insurance Fund, $3,735.00 in contributions to the Pension Fund, and $1,296.00 in contributions to the Nurses Fund.

3. Additionally, as of May 31, 2019, Rizzo Environmental permanently ceased to have an obligation to contribute to the Pension Fund, thereby effectuating a complete withdrawal from the Pension Fund. Rizzo Environmental was assessed with $146,778.00 in withdrawal liability and has failed to pay the amounts due and owing, despite having ample opportunity to do so.

4. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees seek to recover: (i) $11,907.00 in contributions due and owing to the Funds, and (ii) $146,778.00 for Rizzo Environmental's allocated share of the Pension Fund's unfunded vested benefits; and (iii) liquidated damages and interest on the foregoing amounts, as well as attorneys' fees, costs, and such other relief as the Court may consider just and equitable.

## II. JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Defendants because Rizzo Environmental and, upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10, reside and do business in the State of New York.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Funds who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

7. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District.

## III. PARTIES

8. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with the

Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plans within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plans within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C.§§ 1002(37) and 1145. Plaintiffs are the Trustees of the Funds, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1). The Funds are administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101.

9. Plaintiffs are the Trustees of the Funds, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

10. Defendant Rizzo Environmental is a for-profit domestic corporation having its principal place of business at 117 Magnolia Avenue, Westbury, New York 11590. Upon information and belief, Raymond J. Rizzo and Kelly Rizzo are the owners of Rizzo Environmental.

11. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with Rizzo Environmental within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

12. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Rizzo Environmental within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

**IV.   BACKGROUND**

13. Rizzo Environmental was party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Funds are third-party beneficiaries.

3

14. Pursuant to the CBA, Rizzo Environmental was required to remit contributions to the Funds on behalf of those employees covered by the CBA at rates set forth in the CBA.

## COUNT I

### Delinquent Contributions Owed to the Funds
### Pursuant to ERISA § 515, 29 U.S.C. § 1145

15. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

16. ERISA § 515, 29 U.S.C. § 1145 requires employers to pay contributions to the Funds in accordance with the terms and conditions of the applicable collective bargaining agreement.

17. Rizzo Environmental breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 when it failed to pay contributions due and owing to the Funds.

18. Specifically, on or around September 30, 2019, after conducting an audit of Rizzo Environmental's books and records for the January 1, 2018 to May 31, 2019 period, the Funds' Auditor found that Rizzo Environmental had failed to remit $6,876.00 in contributions to the Insurance Fund, $3,735.00 in contributions to the Pension Fund, and $1,296.00 in contributions to the Nurses Fund for covered work performed by employee Jose A. Garcia, Jr. from February through May 2019.

19. Plaintiffs, the Trustees of the Funds, demand judgment against Rizzo Environmental for $11,907.00 for contributions due and owing under the CBA, as well as an amount to be determined of statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Withdrawal Liability Owed by Rizzo Environmental to the Pension Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

20. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

21. As of May 31, 2019, Rizzo Environmental ceased all covered operations within the meaning of the CBA and/or ceased to have an obligation to contribute to the Pension Fund, and therefore, completely withdrew from the Pension Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

22. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by letter dated June 18, 2019, a true and correct copy of which is attached as **Exhibit A**, the Pension Fund notified Rizzo Environmental that it had effectuated a complete withdrawal from the Pension Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), as of May 31, 2019, and that its allocated share of the unfunded vested liabilities of the Pension Fund was $146,778.00, which amount was payable in 240 monthly installments of $681.00 commencing on or before August 18, 2019.

23. After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by letter dated August 27, 2019, a true and correct copy of which is attached as **Exhibit B**, the Pension Fund notified Rizzo Environmental that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. The letter also notified Rizzo Environmental that if it failed to timely cure the default, the Pension Fund would elect to accelerate Rizzo Environmental's withdrawal liability and assess interest on the total outstanding liability.

24. After having not received the demanded payment within sixty (60) days, by letter dated October 30, 2019, a true and correct copy of which is attached as **Exhibit C**, the Pension

Fund notified Rizzo Environmental that it had failed to cure its default, and that the entire amount of its withdrawal liability, along with accrued interest, which amount totaled $148,979.67, was immediately due and owing.

25. Rizzo Environmental has failed to remit any amounts in satisfaction of the withdrawal liability assessed by the Pension Fund and has failed to request a review or initiate arbitration within the timeframes set forth in ERISA § 4221(a), 29 U.S.C. § 1401(a).

26. Because Rizzo Environmental has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

27. Plaintiffs, the Trustees of the Pension Fund, demand judgment against Rizzo Environmental for $146,778.00 for Rizzo Environmental's allocated share of the unfunded vested liabilities of the Pension Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

**Controlled Group Liability Owed by XYZ Corporations 1-10 to the Pension Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

28. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

29. As of May 31, 2019, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Rizzo Environmental within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

30. As such, XYZ Corporations 1-10 are jointly and severally liable with Rizzo Environmental for the withdrawal liability resulting from Rizzo Environmental's complete withdrawal from the Pension Fund.

31.     Plaintiffs, the Trustees of the Pension Fund, demand judgment against XYZ Corporations in the amount of $146,778.00 for Rizzo Environmental's allocated share of the unfunded vested liabilities of the Pension Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT IV

**Controlled Group Liability Owed by John and Jane Does 1-10 to the Pension Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

32.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

33.     As of May 31, 2019, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Rizzo Environmental within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

34.     As such, John and Jane Does 1-10 are jointly and severally liable with Rizzo Environmental for the withdrawal liability resulting from Rizzo Environmental's complete withdrawal from the Pension Fund.

35.     Plaintiffs, the Trustees of the Pension Fund, demand judgment against John and Jane Does 1-10 in the amount of $146,778.00 for Rizzo Environmental's allocated share of the unfunded vested liabilities of the Pension Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

| | |
|---|---|
| Dated: November 25, 2019 | **PROSKAUER ROSE LLP** |
| | By: */s/ Neil V. Shah* |
| | Neil V. Shah |
| | Eleven Times Square |
| | New York, New York 10036 |
| | (212) 969-3028 |
| | nshah@proskauer.com |
| | |
| | Anthony S. Cacace |
| | Eleven Times Square |
| | New York, New York 10036 |
| | (212) 969-3307 |
| | acacace@proskauer.com |
| | |
| | *Counsel for the Plaintiffs* |