UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
TRUSTEES OF THE LOCAL 813
PENSION TRUST FUND, TRUSTEES OF
THE LOCAL 813 INSURANCE TRUST
FUND, and TRUSTEES OF THE NURSES
AND LOCAL 813 IBT RETIREMENT
TRUST FUND,

                                          **MEMORANDUM AND ORDER**

             Plaintiffs,                         19-CV-6622 (RPK) (CLP)

      -against-

RIZZO ENVIRONMENTAL SERVICES
CORP., XYZ CORPORATIONS 1-10, and
JOHN AND JANE DOES 1-10,

             Defendants.
-----------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

On November 25, 2019, three labor-management trust funds — Trustees of the Local 813

Pension Trust Fund (the "Pension Fund"), Trustees of the Local 813 Insurance Trust Fund (the

"Insurance Fund"), and Trustees of the Nurses and Local 813 IBT Retirement Trust Fund (the

"Retirement Fund") — brought this action under the Employee Retirement Income Security Act

of 1974 ("ERISA").  Compl. ¶ 1 (Dkt. #1).  Plaintiffs named as defendants Rizzo Environmental

Services Corporation ("Rizzo Environmental"); XYZ Corporations 1-10, trades or businesses

believed to be under common control with Rizzo Environmental within the meaning of ERISA

§ 4001(b)(1), 29 U.S.C. § 1301(b)(1); and John and Jane Does 1-10, fictitious individuals who are

believed to be sole proprietors under common control with Rizzo Environmental.  *Id.* ¶¶ 10-12.

The complaint alleges that Rizzo Environmental was party to a collective bargaining

agreement ("CBA") with Local Union No. 813, International Brotherhood of Teamsters, and that

plaintiffs were third-party beneficiaries of the CBA.  *Id.* ¶ 13.  Plaintiffs bring four causes of action

against defendants.  *Id.* ¶¶ 15-35.  The first count alleges that the agreement required Rizzo Environmental to remit contributions to the Funds on behalf of employees covered by the CBA. *Id.* ¶ 17.  Plaintiffs allege that Rizzo Environmental failed to so do and thereby violated ERISA § 515, 29 U.S.C. § 1145, which requires employers to pay contributions to the Funds in accordance with the terms of a collective bargaining agreement.  *Id.* ¶¶ 16-18.  Plaintiffs seek to recover from Rizzo Environmental $11,907.00 in delinquent contributions owed by Rizzo Environmental, as well as statutorily prescribed interest, liquidated damages, and attorneys' fees and costs.  *Id.* ¶ 19.

Plaintiffs' second count alleges that as of May 31, 2019, Rizzo Environmental completely withdrew from the Pension Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a). *Id.* ¶ 21.  Following ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), the Pension Fund sent a letter notifying Rizzo Environmental that it had completely withdrawn from the fund and owed withdrawal liability of $146,778.00.  *Id.* ¶ 22, Ex. A.  Plaintiffs did not receive the requested payment, so they sent a second letter offering Rizzo Environmental a chance to cure its default within 60 days.  *Id.* ¶ 23, Ex. B.  When Rizzo Environmental failed to cure its default, plaintiffs sent a final letter stating that its withdrawal liability was immediately due.  *Id.* ¶ 24, Ex. C.  Plaintiffs now demand judgment for Rizzo Environmental's withdrawal liability, as well as liquidated damages, interest, and attorneys' fees and costs.  *Id.* ¶¶ 26, 27.

Plaintiffs' third and fourth counts allege that XYZ Corporations 1-10 and John and Jane Does 1-10, as businesses and sole proprietorships under common control with Rizzo Environmental, are jointly and severally liable for the withdrawal liability.  *Id.* ¶¶ 29-35.

Defendants never appeared.  Plaintiffs properly served Rizzo Environmental with a complaint and summons on November 26, 2019, the day after the complaint was filed.  *See* Aff. of Serv. (Dkt. #6).  On December 27, 2019, after defendant failed to answer or otherwise respond

to the complaint, the Clerk of Court entered a certificate of default against Rizzo Environmental. *See* Certificate of Default (Dkt. #8).  On January 31, 2020, plaintiffs filed a motion for a default judgment against defendant, *see* Mot. for Default J. (Dkt. #10), which was referred to Chief Magistrate Judge Pollak for a report and recommendation, *see* Jan. 31, 2020 Order.

Judge Pollak recommends that default judgment be entered against Rizzo Environmental in light of its failure to remit contributions owed to plaintiffs under the CBA.  *See* Report & Recommendation at 7-8 ("R. & R.") (Dkt. #12).  Judge Pollak also recommends that default judgment be entered against Rizzo Environmental as to plaintiffs' claim that defendant completely withdrew from the Pension Fund, and as a result, incurred withdrawal liability.  *See id.* at 10-11. Regarding damages, Judge Pollak recommends that plaintiffs receive $11,907.00 in delinquent contributions; $1,691.67 in prejudgment interest on delinquent contributions; $2,381.40 in liquidated damages on delinquent contributions; $146,778.00 in withdrawal liability; $13,996.16 in prejudgment interest on the withdrawal liability; $29,355.60 in liquidated damages on the withdrawal liability; $22,406.25 in attorneys' fees; and $952.45 in costs.  *Id.* at 20-21.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  No party has objected to the R. & R. within the time required by 28 U.S.C. § 636(b)(1).

When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error."  *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019)  Clear error will only be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake

has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).  I have reviewed Judge Pollak's report and recommendation and, having found no clear error, adopt it in full.  The motion for default judgment against Rizzo Environmental is granted.  Damages are awarded as recommended.  The Clerk of Court is directed to enter judgment and damages consistent with these recommendations and to close this case.

       SO ORDERED.

                        */s/ Rachel Kovner*
                        RACHEL P. KOVNER
                        United States District Judge

Dated: November 30, 2020
       Brooklyn, NY